FARHAD NOVIAN (SBN 118129)
JOSEPH A. LOPEZ (SBN 268511)
SHARON RAMINFARD (SN 278548)
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
Farhad@NovianLaw.com
Joseph@NovianLaw.com

Attorney for Plaintiffs L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY and BEN KWOK

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY, a California corporation; BEN KWOK, an individual,

Plaintiffs,

v.

ROSS STORES, INC., a Delaware corporation; ALL ACCESS APPAREL, INC., a California corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR:**

1. **Copyright infringement;**
2. **Vicarious and/or Contributory Copyright Infringement**

**JURY TRIAL DEMANDED**

Plaintiffs L.A. T-SHIRT & PRINT, INC. doing business as RIOT SOCIETY ("Riot Society"), a California corporation, and BEN KWOK ("Kwok"), an individual (collectively, "Plaintiffs"), by and through their undersigned counsel, complaining of the defendants ROSS STORES, INC., a Delaware corporation, ALL ACCESS APPAREL, INC., a California corporation, and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs create and obtain rights to unique two-dimensional non-functional artworks for gallery display and use on textiles, which are transacted primarily in and through the apparel industry. Plaintiffs own these designs in exclusivity and exploit these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiffs' copyrights.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiffs' federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

## THE PARTIES

5. Plaintiff L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("LATP") is a California corporation with its principal place of business in the County of Los Angeles, State of California.

6. Plaintiff BEN KWOK ("Kwok") is an individual residing in the County of Riverside, State of California.

7. Upon information and belief, defendant ROSS STORES, INC. ("Ross") is, and at all times relevant was, a Delaware corporation, doing business within the jurisdiction of this Court.

8. Upon information and belief, defendant ALL ACCESS APPAREL, INC. ("All Access") is, and at all times relevant was, a California corporation, doing business within the jurisdiction of this Court.

9. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiffs. At such time as said defendants' true names and capacities become known to Plaintiffs, Plaintiffs will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

10. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendants, and each of them; that in so doing the things alleged, said Defendants were acting within the course and scope of said partnership, agency, or employment; and that in so doing the things alleged, said Defendants were acting at all times with the knowledge, consent, and authorization of each of the other Defendants.

11. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have

ceased; are a mere shell instrumentality and conduit through which Defendants carried on their business by use of each others' names; completely controlled, dominated, managed, and operated each others' business to such an extent that any individuality or separateness of the Defendants does not and did not exist; completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade payment of obligations and legal liability to various customers and creditors.

## PLAINTIFF'S COPYRIGHT

12. Plaintiff Kwok owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA 1-871-548, which included a two-dimensional textile design internally designated as Ornate Elephant ("Design"). Riot Society is currently the exclusive licensee for the Design on a variety of goods including but not limited to shirts.

## DEFENDANTS' INFRINGING CONDUCT

13. In or around March 2015, Plaintiffs discovered that Defendants were selling garments that bear designs that are identical or substantially similar to Plaintiffs' Design ("Infringing Garments").

14. Upon information and belief, Defendants have misappropriated the Design, and are selling Infringing Garments online and to retail stores throughout the United States, including but not limited to within this judicial district.

15. Upon information and belief, Defendants are, without Plaintiffs' authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Garments in this judicial district that feature a design that is identical, or substantially similar to, the Design.

16. Upon information and belief, Defendants' infringing use of the Design is not limited to the Infringing Garments described above, and other garments Defendants created, manufactured, caused to be manufactured, imported,

distributed, and/or sold may infringe Plaintiffs' copyright in the Design.

17. On or about March 15, 2016, Plaintiffs, through their counsel, addressed a letter to Defendant Ross informing it of the Infringing Garments. Plaintiffs demanded, among other things, that Ross immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Design in any way. Plaintiffs also demanded that Ross provide Plaintiffs' counsel with a written accounting of each and every use of the Design by Ross, or any person or entity working with or for Ross and to provide Plaintiffs' counsel with the names, addresses, and contact information for the manufacturers, stores, websites, and companies used by Ross in relation with the Design. Plaintiffs further demanded that Ross provide Plaintiffs' counsel with copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Design.

18. On or about March 24, 2016, Defendants' counsel informed Plaintiffs' counsel that he would be representing Ross and All Access, that he was investigating Plaintiffs' copyright claims, and that he would respond to Plaintiffs' cease and desist letter.

19. Despite several communications between Plaintiffs' counsel and Defendants' counsel, Plaintiffs deem Defendants' response to be insufficient and unsubstantiated. Upon information and belief, the delays to provide the requested information and documents has been an intentional attempt to delay the filing of this lawsuit, such that Plaintiffs believe they have no further recourse other than to file this lawsuit to seek redress from the court and, through the discovery process, the information and documents that are uniquely in Defendants' possession, custody, and control.

20. Upon information and belief, Defendants continue to misappropriate the Design and to unlawfully reproduce, import, distribute, and/or sell Infringing Garments, in this judicial district, featuring a design, which is identical, or

substantially similar to the Design.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement - Against All Defendants)**

21. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs designated 1 through 20, inclusive, of this Complaint, as if fully set forth herein at length.

22. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyright by creating, making and/or developing directly infringing and/or derivative works from the Design and by producing, distributing and/or selling Infringing Garments.

23. Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damages to their business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design in an amount to be established at trial.

26. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

27. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiffs' superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright

Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiffs' copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages. Plaintiffs are also entitled to preliminary and permanent injunctive relief.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement**

**- Against All Defendants)**

28. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 27, inclusive.

29. Plaintiffs are informed and believe and thereon allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Garments featuring the Design as alleged hereinabove.

30. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such,

Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design, in an amount to be established at trial.

33. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

34. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiffs' superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiffs' copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages. Plaintiffs are also entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully demand the following relief against Defendants, jointly and severally, with respect to each claim for relief:

a. That Defendants, their agents and servants be enjoined from selling Infringing Garments, or otherwise infringing Plaintiffs' copyright in the Design;

b. That Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

d. Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other copyright infringements; and

e. Such other relief as the Court may deem appropriate.

Dated: October 4, 2016

**NOVIAN & NOVIAN, LLP**

By: /s/ Farhad Novian
FARHAD NOVIAN
JOSEPH A. LOPEZ
SHARON RAMINFARD

Attorneys for Plaintiffs
L.A. T-SHIRT & PRINT, INC. and
BEN KWOK

**DEMAND FOR JURY TRIAL**

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.

Dated: October 4, 2016

**NOVIAN & NOVIAN, LLP**

By: /s/ Farhad Novian
FARHAD NOVIAN
JOSEPH A. LOPEZ
SHARON RAMINFARD

Attorneys for Plaintiffs
L.A. T-SHIRT & PRINT, INC. and
BEN KWOK